UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KERRY WINN,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERITITLE, INC., an Oregon corporation,<br><br>        Defendant. | Case No.1:10-cv-016-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before Defendant Ameritisle, Inc.'s Motion for Attorney Fees (Dkt. 31). The Court will award $51,352.50 in fees.

# BACKGROUND

In early December 2005, Royce Monson entered into a vacant land real estate purchase and sale agreement with Dee and Yoriko Fuhriman, and Tamarack North, Inc. for approximately 101 acres of land in Valley County, Idaho. Monson planned to purchase the land and then either flip the property or entitle and develop the property with Lori McDonald, Jesse Winn, and, the plaintiff, Kerry Winn. The Fuhrimans agreed to

convey the property to Monson for $5.6 million provided that Monson pay $100,000 as an earnest money deposit, which was to be held in escrow by Amerititle, Inc.

Kerry Winn agreed to provide the $100,000 in non-refundable earnest money, and Amerititle provided him with information about how to wire the money to the escrow account. Satisfied with Amerititle's wiring instructions, Winn wired $100,000 to Amerititle, which then dispersed the funds to Tamarack North.

The deal fell apart, and Kerry Winn sued Amerititle, alleging that Amerititle breached the escrow agreement, breached its fiduciary duties as an escrow agent, and acted negligently by dispersing the earnest money solely to Tamarack North, rather than jointly to Yoriko Fuhriman and Tamarack North.

Kerry Winn and Amerititle filed cross-motions for summary judgment. On August 11, 2010, the Court entered an order denying Winn's motion for summary judgment and granting Amerititle's motion for summary judgment (Dkt. 29). Judgment was entered in favor of Amerititle on August 12, 2010 (Dkt. 30). Amerititle now seeks attorney fees.

## ANALYSIS

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978) (applying Idaho law). Amerititle requests attorney fees in the amount of $51,352.50 pursuant to Idaho Code § 12-120(3), Idaho Code § 12-121, and Rule 54(e) of the Federal Rules of Civil Procedure. Plaintiff Kerry Winn objects.

1.  **Idaho Code § 12-120(3)**

Idaho Code § 12-120(3) provides that the prevailing party "shall be allowed" an award of reasonable attorney fees in any civil action to recover on... "any commercial transaction." The statute defines the term "commercial transaction" to mean "all transactions except transactions for personal or household purposes." I.C. § 12-120(3) (1998). " Under Idaho Code § 12-120(3), an award of attorney fees is appropriate where "the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594 (Idaho 2007) (citing *Brower v. E.I. DuPont De Nemours and Co.*, 792 P.2d 345, 349 (Idaho 1990)).

The Idaho Supreme Court has held that Idaho Code § 12-120(3) "neither prohibits a fee award for a commercial transaction that involves tortious conduct ... nor does it require that there be a contract." *Blimka*, 152 P.3d 594. However, the commercial transaction under Idaho Code § 12-120(3) must be between the parties. *See e.g., BECO Construction Company, Inc. v. J-U-B Engineers, Inc.*, 184 P.3d 844, 851 (Idaho 2008).

There is no question that Amerititle is the prevailing party. Winn, however, argues that the dispute did not arise out of a commercial transaction and thus Amerititle cannot recover fees pursuant to Idaho Code § 12-120(3). The Court disagrees.

Although Winn asserted alternative theories of recovery, Winn consistently took the position throughout this lawsuit that an escrow agreement existed between himself and Amerititle. The purpose of the alleged escrow agreement, according to Winn, was to facilitate the closing of the agreement to purchase and sell 101 acres of land for development. *See Pl.'s Resp.* at 7, Dkt. 20. Therefore, the alleged agreement was a commercial transaction.

"Where a party alleges the existence of a contract that would be a commercial transaction under Idaho Code § 12-120(3), that claim triggers the application of the statute and the prevailing party may recover attorney fees even if no liability under the contract is established." *See, e.g., Lexington Heights Development, LLC v. Crandlemire*, 92 P.3d 526, 537 (Idaho 2004).

Moreover, Amerititle was not required to apportion fees between the breach of contract claim and the tort claims because each of the causes of action asserted by Winn stemmed from the same commercial transaction. *City of McCall v. Buxton*, 201 P.3d 629, 638 (Idaho 2009). Apportionment is necessary only if the commercial transaction were tangential to the negligence and breach of fiduciary claims. *C.f. Blimka*, 152 P.3d 594, 600 (Idaho 2007) (holding plaintiff allowed to recover fees on fraud claim because he was seeking recovery of damages resulting from commercial transaction). But as admitted by Winn, the same conduct giving rise to his breach of contract action was "also the basis for both Winn's recovery in negligence and for breach of fiduciary duty." *Winn Summary Judgment Opposition* at 4. Because Amerititle was not required to apportion fees between the breach of contract and tort claims, its apparent failure to apportion accordingly cannot serve as a basis for denying its request for fees.

### 2. The Fees Requested Are Reasonable

This Court finds that the attorney fees identified in Walter's Affidavit in Support of Motion for Attorney Fees and Costs (Docket No. 31-2) are reasonable. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). In determining a reasonable hourly

rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors[1] that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir.1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n. 8 (internal quotation marks and citation omitted).

Here, Amerititle seeks attorney fees in the amount of $51,352.50 for 272.1 hours of work completed by two partners, William G. Dryden and Matthew L. Walters, an associate, Craig R. Yabui, and a paralegal, Kathryn A. Brandt. Mr. Dryden initially charged $200 per hour, and his rate increased to $250 during the course of the litigation. Mr. Walters charged $200 per hour, Mr. Yabui charged $175 per hour, and Ms. Brandt charged $110 per hour for her paralegal work.

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

The hourly rates charged by the attorneys in this matter are comparable to the reasonable hourly rate for attorneys of similar experience and similar work in this area. As to the total number of hours billed the Court finds them to be within reasonable limits given that this action involved multiple actions and cross-motions for summary judgment.

Winn has asserted no objection other than to say the fees should be apportioned among the breach of contract claim and the tort claims – a theory this Court rejected. Absent any other dispute as to the reasonableness of the attorney fees identified by Walters, the requested fees are granted.

## ORDER

**IT IS THEREFORE ORDERED that** Defendant Amerititle, Inc.'s Motion for Attorney Fees (Dkt. 31) is GRANTED. The Court awards Amerititle $51,352.50 in fees.

DATED: **November 24, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge